# The Elyton Land Co. v. Vance.

*Bill in Equity to Annul Fraudulent Conveyance.*

1. *Burden of proof where conveyance assailed for fraud.*—Where a conveyance of lands is assailed for fraud by the existing creditors of the grantor, the grantee has the burden of proving the

payment of a fair and adequate consideration, such as repels any presumption of fraud that would otherwise arise from the lack of a sufficient consideration, and that no beneficial pecuniary interest was reserved to the grantor, which constituted a part of the consideration of the conveyance.

2. *Grantee not bound to corroborate testimony, when.*—In a suit to cancel for fraud a conveyance from husband to wife, where the latter testified that the conveyance was made in consideration of a debt due from the husband for money loaned him, giving the names of the parties from whom she received the money, their place of residence and, in the main, the dates, and such parties are accessible to complainant, no legal duty rested upon the wife to examine such parties to corroborate her statement, and no unfavorable inference can be drawn for not so doing.

APPEAL from Jefferson Chancery Court.
Tried before Hon. THOMAS COBBS.
The case is stated in the opinion.

JOHN LONDON, and ALEX. T. LONDON, for appellant, cited, *Robinson v. Mosely,* 93 Ala. 70; *Thompson v. Tower Manufacturing Co.,* 104 Ala. 140, 144; *Calhoun v. Hannan,* 87 Ala. 277; *Hubbard v. Allen,* 59 Ala. 283; *Bell v. Kendall,* 93 Ala. 489; *Cartwright v. Bamberger, Bloom & Co.,* 99 Ala. 622; *Harrell v. Mitchell,* 61 Ala. 270; *Martin v. Berry,* 22 So. 493.

WHITE & HOWES, *contra,* cited, *First Nat. Bank v. Dickerson,* 107 Ala. 265, 270; *Meyer v. Sultzbacher,* 76 Ala. 120; *Levy v. Williams,* 79 Ala. 171; *Buford v. Shannon,* 95 Ala. 206; *Moog v. Farley,* 79 Ala. 246, 252; *Jefferson, &c. v. Eborn,* 84 Ala. 529; *Wood v. Moore,* 84 Ala. 263; *Goetter v. Norman,* 107 Ala. 586, 596; *Glass v. McGuire,* 102 Ala. 626; *Walton v. Atkinson,* 84 Ala. 592; *Hodges v. Coleman,* 79 Ala. 120; *Eskridge v. Adams,* 61 Ala. 134.

COLEMAN, J.—The appellant, as a judgment creditor of S. W. Vance, filed its bill, the purpose of which is to subject to the payment of its judgment certain real estate, the legal title to which Maud E. Vance, the wife of the debtor. There is nothing complicated in the case. No new principle of law is involved, and the rights of the parties are to be determined by the facts in evidence. It is conceded that the complainant's debt was con-

tracted prior to the execution of the conveyance by which the respondent Maud E. Vance acquired from her husband the legal title and alleged ownership of the property. This condition imposed upon her the burden of proving the payment of a fair and adequate consideration, such as repels any presumption of fraud that otherwise would arise from the lack of a sufficient and adequate consideration, and that no beneficial pecuniary interest was reserved to the grantor, which constituted a part of the consideration of the conveyance. The defense is that the debtor was indebted to Maud E. Vance for money of hers received and used by him, and that the conveyances were made by her husband in payment of the amount due her. The chancellor found the issue for the respondents, and decreed accordingly. We have carefully examined the evidence, and while there are some expressions used by Maud E. Vance, such as that her husband all along agreed to "secure" her for her money used by him, a fair consideration of all the evidence leaves no doubt that when the conveyances were made it was for the purpose of satisfying the debts. Under the facts of the case, we are of opinion that respondent was under no legal duty to offer corroborating evidence of the facts testified to by her as to the sources from which she derived the money. She gave the names of the parties from whom she received it, their places of residence, and, in the main, the dates. These parties were accessible to complainant, and no unfavorable inferences are justified from the fact that she did not examine them to corroborate her statements. Our conclusion is that the decree of the chancery court must be affirmed.

Affirmed.